This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                                   **No. 35,680**

**WILLIAM LANGBEHN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Chief Judge.**

{1}     Defendant appeals his jury conviction for possession of synthetic cannabinoids with intent to distribute. [RP 70; DS unnumbered 1] We issued a notice of proposed

summary disposition, proposing to affirm. In response, Defendant has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

{2} Defendant continues to challenge the sufficiency of the evidence to support his conviction. [MIO 2] Our notice observed, and Defendant's memorandum in opposition explains, that Defendant was stopped by police officer, Deputy Abel Rodriguez, [MIO 1; RP 8] for improper display of license plate and a glaring tail lamp. [MIO 1; DS unnumbered 1; CN 2] Upon contact with Defendant, Deputy Rodriguez discovered that Defendant had a suspended driver's license. [MIO 1; DS unnumbered 1; CN 2] Deputy Rodriguez told Defendant that he would be towing Defendant's vehicle as a result. [MIO 1; DS unnumbered 2; CN 2] At that time, Defendant told Deputy Rodriguez that he had some packets of "spice" in the vehicle. [MIO 1; DS unnumbered 2; CN 2] An inventory search was conducted, and 174 packs of suspected "spice" or synthetic marijuana, were found in Defendant's vehicle and seized. [MIO 1; DS unnumbered 2; CN 2–3] After being read his *Miranda* warnings, Defendant admitted to being a "spice" user, but said that he did not know how many packets were in his vehicle. [MIO 1] Evidence was presented at trial that the total weight of the "spice" was approximately one pound, and that it was in fact "spice" or synthetic marijuana. [MIO 2; DS unnumbered 2; CN 3] Deputy Rodriguez testified at trial the amount of "spice" found was not consistent with personal use. [MIO 2; DS

unnumbered 2; CN 3]

{3}     Defendant's memorandum in opposition does not take issue with our summary of the pertinent evidence. Instead, Defendant continues to argue that the presence of 174 packets of "spice" alone, does not constitute sufficient evidence of intent to transfer to another. [MIO 4] Specifically, Defendant argues that 174 packets of "spice" is not an amount that is inconsistent with personal use, especially in light of the fact that Defendant admitted to being a "spice" user, not distributor. [MIO 5–7]

{4}     We disagree that it was improper for the jury to rely solely on testimony by Deputy Rodriguez that 174 packets of "spice" was inconsistent with personal use. Defendant does not argue that Deputy Rodriguez's testimony was improperly admitted in any way, nor does he indicate that he objected below to the admission of Deputy Rodriguez's testimony. *See State v. Hill*, 2008-NMCA-117, ¶ 22, 144 N.M. 775, 192 P.3d 770 (holding that the defendant waived "any argument contesting the propriety of the admission of [witness's] testimony on appeal" by failing to object and choosing to cross-examine the witness on the topic). Accordingly, it was within the jury's purview to believe Deputy Rodriguez's testimony as opposed to Defendant's version of the facts. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the

3

testimony of the witnesses and to determine where the weight and credibility lie). To the extent Defendant argues that the evidence presented at trial was consistent with two equally reasonable inferences, and it was error for the jury to convict him, we disagree. [MIO 6] *See State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393 ("When a defendant argues that the evidence and inferences present two equally reasonable hypotheses, one consistent with guilt and another consistent with innocence, our answer is that by its verdict, the jury has necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence."). We therefore reject Defendant's argument.

{5}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{6}     **IT IS SO ORDERED.**


_____

**MICHAEL E. VIGIL, Chief Judge**


**WE CONCUR:**


_____

**JONATHAN B. SUTIN, Judge**


_____

**M. MONICA ZAMORA, Judge**

4